STATE of Wisconsin, Plaintiff-Respondent,

v.

Andrew C. HOLDER, Defendant-Appellant.

Court of Appeals

*No. 2009AP2952–CR. Submitted on briefs December 10, 2010.
—Decided July 28, 2011.*

2011 WI App 116

(Also reported in 803 N.W.2d 82.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Edward D. Burke, Jr.*, Oconto.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael C. Sanders*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Vergeront, P.J., Lundsten and Sherman, JJ.

¶ 1. SHERMAN, J.   Andrew C. Holder appeals a non-final order of the circuit court denying his pretrial motion to strike, for purposes of prosecution and sentence enhancement on presently charged offenses, a prior conviction for operating a motor vehicle while under the influence of an intoxicant (OWI).[1] The two prior convictions arose out of Holder's decision to drink an excessive amount of alcohol and drive from Michigan to Wisconsin, thereby violating the OWI laws of both states. Holder contends that these two prior convictions arose out of the same incident within the meaning of Wis. Stat. § 346.65(2)(am), and, therefore, may only be counted as one prior conviction for sentencing purposes under that statute.[2] We disagree and therefore affirm.

---

[1] We granted Holder leave to file an interlocutory appeal by order dated December 18, 2009.

[2] WISCONSIN STAT. § 346.65(2)(am) provides in relevant part:

(2)(am) Any person violating s. 346.63(1):

. . . .

## BACKGROUND

¶ 2.  In July 2009, Holder was charged with OWI, fifth or sixth offense. Two of Holder's underlying offenses, one in Wisconsin and one in Michigan, stemmed from a continuous episode of intoxicated driving in February 2005. The facts underlying those convictions are undisputed.

¶ 3.  In February 2005, Holder was operating a motor vehicle in Menominee, Michigan, when a sergeant with the Menominee Police Department attempted to make an investigatory traffic stop of Holder's vehicle. Holder failed to stop and continued over a bridge connecting Menominee to Marinette, Wisconsin. After crossing the bridge, Holder stopped his vehicle and attempted to flee on foot. The sergeant caught Holder and received assistance from the Marinette Police Department. Holder was eventually arrested in Wisconsin and convicted of second offense OWI in Wisconsin and, separately, of operating a motor vehicle under the influence of liquor (OUIL) in Michigan.

¶ 4.  In the present proceeding, Holder moved the circuit court to strike either his second offense OWI conviction in Wisconsin or his Michigan conviction for purposes of sentence enhancement on his July 2009 OWI offense on the basis that those offenses arose out of the same incident and could therefore be counted as

5. . . . shall be fined not less than $600 and imprisoned for not less than 6 months if the number of convictions under ss. 940.09(1) and 940.25 in the person's lifetime, plus the total number of suspensions, revocations and other convictions counted under s. 343.307(1), equals 5 or 6, *except that suspensions, revocations or convictions arising out of the same incident or occurrence shall be counted as one.*

(Emphasis added.) All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

only one offense under Wis. Stat. § 346.65(2)(am)5. The court denied the motion. The court concluded that Holder's second offense OWI conviction in Wisconsin and his OUIL conviction in Michigan were not identical in either fact or law, and that § 346.65(2)(am) does not apply to situations where a defendant receives multiple convictions from multiple states.

¶ 5.  Holder petitioned this court for leave to appeal the circuit court's denial of his motion to strike. We granted Holder's petition.

## DISCUSSION

■

¶ 6.  Holder contends that the circuit court erred in determining that his second offense OWI conviction in Wisconsin and his Michigan OUIL conviction count as two separate convictions for purposes of Wis. Stat. § 346.65(2)(am)5. because they arose out of the same incident or occurrence. To determine whether Holder is correct, we must interpret and apply § 346.65(2)(am)5. to the undisputed facts of this case. "Interpretation and application of a statute to undisputed facts are ordinarily questions of law that this court decides independently of the circuit court . . . ." *State v. Carter*, 2010 WI 132, ¶ 19, 330 Wis. 2d 1, 794 N.W.2d 213.

¶ 7.  In Wis. Stat. § 346.65(2), the legislature established graduated penalty structure for OWI offenses. *Carter*, 330 Wis. 2d 1, ¶ 2. "The severity of a defendant's penalty for OWI is based on the number of prior convictions under [Wis. Stat.] §§ 940.09(1) and 940.25 'plus the total number of suspensions, revocations, and other convictions counted under Wis. Stat. § 343.307(1).' " *Id.* (quoting § 346.65(2)(am)2. - 7.) Section 346.65(2)(am)(5) provides for the imposition of an enhanced penalty for a

present OWI conviction in the event that the defendant has five or six prior prescribed convictions (including OWI convictions), suspensions, or revocations.[3] Section 346.65(2)(am)5. further provides, however, that "convictions *arising out of the same incident or occurrence shall be counted as one.*" (Emphasis added). The question in this case is whether Holder's Michigan and Wisconsin convictions arose out of "the same incident or occurrence." To answer that question, we look to how the terms have been interpreted in an analogous context.

¶ 8.   In *State v. Ellis H.*, 2004 WI App 123, ¶ 1, 274 Wis. 2d 703, 684 N.W.2d 157, we addressed whether a juvenile had committed one continuous act, which would have subjected him to one secured detention, or multiple acts, which would have subjected him to more than one separate secured detention. We looked in *Ellis H.* at how terms similar to "incident" have been defined in other contexts to determine whether the juvenile's acts constituted a single incident, or multiple incidents. *Id.*, ¶ 16. Our review of *Harrell v. State*, 88 Wis. 2d 546, 277 N.W.2d 462 (Ct. App. 1979), and a number of other cases led us to conclude:

> [T]he proper question to ask when determining whether a juvenile's conduct constitutes separate "incidents," or separate units of experience permitting multiple sanctions, or a continuous "incident," or a single unit of experience permitting only one sanction, is whether the juvenile came to a [proverbial] "fork in the road" and nevertheless "invade[d] a different interest."

---

[3] WISCONSIN STAT. § 343.307(1) prescribes which convictions may be counted for purposes of sentencing under WIS. STAT. § 346.65(2)(am)5. These include convictions for violations of WIS. STAT. § 346.63(1) and convictions in other jurisdictions for using a motor vehicle while intoxicated. Section 343.307(1)(a) and (d).

This means we must determine whether the juvenile's course of conduct is marked by different and distinct volitional acts in between which the juvenile had sufficient time to reflect and choose to commit himself or herself to a particular act.

If the juvenile comes to the "fork in the road" and his or her intent is to "invade a different interest," the juvenile has ended one incident and begun another and the juvenile may be additionally sanctioned for a subsequent condition violation. On the other hand, if the juvenile comes to the "fork in the road" and does not intend to "invade a different interest," the incident is still ongoing and all subsequent condition violations are incidental to or are part and parcel of that same incident and only one sanction is permitted.

*Ellis H.*, 274 Wis. 2d 703, ¶¶ 21–22.

¶ 9.   Although we deal here with the penalty structure under WIS. STAT. § 346.65(2), and not the imposition of a secured detention under WIS. STAT. § 938.355(6)(d), which was the focus of *Ellis H.*, the court's rationale in *Ellis H.* is equally applicable here. We must thus determine whether Holder, during his continuous stint of driving under the influence of an intoxicant, came to a proverbial "fork in the road" and if he did, whether it was or was not his intent to "invade[] a different interest." *Id.* For the reasons we discuss below, we conclude that Holder came to a "fork in the road" when he came to the border between Michigan and Wisconsin, and intentionally invaded a different interest when he crossed into Wisconsin, subjecting himself to separate OWI charges in each state.

¶ 10.   Wisconsin has jurisdiction over a crime if "[t]he person commits a crime, any of the constituent elements of which takes place in this state." WIS. STAT.

84

§ 939.03(1)(a).[4] The constituent elements of an offense are those elements "that the State is required to prove beyond a reasonable doubt in the prosecution of the offense." *State v. Anderson*, 2005 WI 54, ¶ 33, 280 Wis. 2d 104, 695 N.W.2d 731. Wisconsin has jurisdiction over crimes in which the constituent elements take place *outside* this state only under specified conditions, none of which apply here. *See* § 939.03(1) and *State v. Jorgensen*, 2008 WI 60, ¶ 35, 310 Wis. 2d 138, 754 N.W.2d 77 (stating that to prove a violation of WIS. STAT. § 346.63(1)(a), the State must prove that the defendant

---

[4] WISCONSIN STAT. § 939.03(1) provides:

(1) A person is subject to prosecution and punishment under the law of this state if any of the following applies:

(a) The person commits a crime, any of the constituent elements of which takes place in this state.

(b) While out of this state, the person aids and abets, conspires with, or advises, incites, commands, or solicits another to commit a crime in this state.

(c) While out of this state, the person does an act with intent that it cause in this state a consequence set forth in a section defining a crime.

(d) While out of this state, the person steals and subsequently brings any of the stolen property into this state.

(e) The person violates s. 943.201 or 943.203 and the victim, at the time of the violation, is an individual who resides in this state, a deceased individual who resided in this state immediately before his or her death, or an entity, as defined in s. 943.203(1)(a), that is located in this state.

(f) The person violates s. 943.89 and the matter or thing is deposited for delivery within this state or is received or taken within this state.

(g) The person violates s. 943.90 and the transmission is from within this state, the transmission is received within this state, or it is reasonably foreseeable that the transmission will be accessed by a person or machine within this state.

was under the influence of an intoxicant at the time the defendant drove on a highway).

¶ 11.   Likewise, Michigan has jurisdiction only over offenses committed within the state's physical borders. *People v. Blume*, 443 Mich. 476, 480, 505 N.W.2d 843 (Mich. 1993). Michigan has jurisdiction over crimes which take place outside its borders when the criminal act is "intended to have, and []actually do[es] have, a detrimental effect within [Michigan]," which was not the case when Holder continued to operate his motor vehicle while under the influence of an intoxicant in Wisconsin. *Id.*

¶ 12.   Because the extraterritorial jurisdiction exceptions in Wisconsin and Michigan were not applicable to Holder's separate OWI and OUIL convictions in Wisconsin and Michigan, each state had jurisdiction only over Holder's act of driving while intoxicated within each state's own boundaries.

¶ 13.   We conclude that Holder came to a "fork in the road" when he came to the border between Michigan and Wisconsin. At that point, Holder had a decision. He could remain in Michigan and be subject only to the laws of that state, or he could continue into Wisconsin and thereby subject himself to the laws of both Michigan and Wisconsin. When Holder intentionally continued into Wisconsin, and subjected himself to its laws, he "invade[d] a different interest." *Ellis H.*, 274 Wis. 2d 703, ¶ 22.

¶ 14.   Accordingly, we conclude that although Holder's Michigan and Wisconsin convictions stemmed from one continuous stint of driving, they arose from two separate incidents—one incident in Michigan and one incident in Wisconsin. We, therefore, conclude that

Holder's second offense OWI conviction in Wisconsin and his 2005 OUIL conviction in Michigan did not arise out of the same incident or occurrence and affirm the circuit court's denial of Holder's motion to strike.

*By the Court.*—Order affirmed.